**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

THOMAS BARTON,

    Petitioner, : Case No. 1:09-cv-353

: District Judge S. Arthur Spiegel
   -vs-    Magistrate Judge Michael R. Merz

WARDEN, Southern Ohio
 Correctional Facility,

:

    Respondent.

**ORDER STRIKING DOCUMENT**

    This case is before the Court on Petitioner's "Memorandum in Opposition to the State's Motion to Dismiss and Cross-Motion for Summary Judgment." This document has been duplicated and filed twice as Doc. Nos. 19 & 20 for reasons which are opaque to the Magistrate Judge. Petitioner originally filed the document as Reply Brief, but apparently a docket clerk believed this was a mischaracterization.

    The pleadings in a habeas corpus case are the petition, the answer (formerly referred to as the return of writ), and the reply (formerly referred to as the traverse)(Rules 3 and 5, Rules Governing §2254 Cases; the "Habeas Rules"). Upon initial review under Hab. R. 4, Judge Black had ordered an answer (Doc. No. 2). After the Answer/Return of Writ (Doc. No. 11) was filed, Petitioner's counsel sought and received several extensions of time to respond to what he characterized as Respondent's "Motion to Dismiss" (Doc. Nos. 12, 14, 16); Judge Black granted the extensions without using that characterization.

In fact, Respondent has not filed a "motion to dismiss," but only the pleading captioned Answer/Return of Writ. Respondent requests dismissal at the end of the Answer, but that is the expected end of such a pleading, unless a respondent is going to concede error. And while Petitioner does state at the outset of his pleading his belief that he is entitled to summary judgment, in fact his pleading is not structured in such a way as to show entitlement to summary judgment.

Hab. R. 12 provides that "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." This Court has occasionally found summary judgment practice appropriate in a habeas corpus case, usually when used to resolve a purely legal question. Summary judgment practice is not appropriate for this case. Petitioner is due to seek an evidentiary hearing on the ineffective assistance of counsel claims (Doc. No. 24). If he is entitled to such a hearing, then full resolution of the case on the merits will have to await completion of that hearing. Even on those Grounds for Relief where Petitioner has not indicated an intention to seek an evidentiary hearing, the Court will be required to weigh the evidence already of record and make inferences from it, perhaps including credibility inferences. It is of course inappropriate to do such weighing on a summary judgment motion.

It is accordingly ORDERED that Doc. No. 20, captioned as "Cross-Motion for Summary Judgment," be stricken, without prejudice to the arguments made therein on the merits, which of course are also made in the duplicate filing at Doc. No. 19.

August 4, 2010.

s/ **Michael R. Merz**<br>United States Magistrate Judge